811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommie Lee LAWRENCE, Defendant-Appellant.
 No. 86-3078.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1986.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Tommie Lee Lawrence ("appellant") appeals a jury conviction for conspiracy to embezzle bank funds, in violation of 18 U.S.C. Sec. 371, and for aiding and abetting a bank embezzlement, in violation of 18 U.S.C. Secs. 656, 2. He raises three claims on appeal: 1) the District Court erred in not granting a directed verdict on the ground that there was insufficient evidence to support a conviction; 2) the District Court erred in allowing the government to pursue irrelevant and prejudicial lines of questioning; and 3) the District Court erred in not instructing the jury as to the relevancy of appellant's claimed ignorance. We affirm the judgment of the District Court for the Northern District of Ohio.
 
 
 2
 Prior to the time of the alleged embezzlement, appellant's wife, Gwendolyn Lawrence, was employed by Central National Bank in Cleveland, Ohio, as a "repo clerk." She had access to and authority to prepare official bank checks. In February of 1985, Mrs. Lawrence prepared a check for $299,878.66, made payable to appellant and to be drawn on the bank's international operations account. The check contained the forged signature of a bank official who was not in a position to authorize the check. Appellant and Mrs. Lawrence took the check to an area automobile dealer where they displayed it in the process of negotiating for two new automobiles. On February 7, 1985, the Lawrences opened an E.F. Hutton money market account with the amount of the check.
 
 
 3
 On February 12, 1985, appellant and Mrs. Lawrence were arrested for the embezzlement. After her arrest, Mrs. Lawrence signed a statement claiming sole responsibility for the crime. Appellant admitted endorsing the check and opening the joint account at E.F. Hutton, but insisted that he was unaware that the check had been illegally obtained. He claimed instead that the check represented the proceeds of a lawsuit filed by his wife that arose from the wrongful repossession of his automobile. No such lawsuit was ever filed.
 
 
 4
 Appellant moved for a judgment of acquittal at the close of all of the evidence at trial. The District Court denied this motion. The Court proceeded to instruct the jury regarding the law on conspiracy and embezzlement, and the jury found appellant guilty as charged. Appellant did not object to the jury instructions at that time.
 
 
 5
 Appellant first claims that there was insufficient evidence to support his conviction because the state did not prove knowledge on his part. He argues that in fact, the testimonial evidence given by appellant and his wife, and corroborated by the arresting officers' testimony, indicates that he did not know of any unlawful activity. This Court must only determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). There was ample evidence to support an inference that the actions of appellant and his wife were undertaken pursuant to a unlawful common plan. The check was made payable to appellant, he endorsed the check while opening a joint account with his wife, and he used approximately $54,000 to purchase new automobiles and consumer goods. The District Court did not err in failing to grant appellant's motion for a directed verdict.
 
 
 6
 The District Court was also correct in allowing the government to pursue lines of questioning that appellant claims were irrelevant and prejudicial. The government questioned the car salesman who dealt with the Lawrences regarding their conduct at the dealership. The car salesman testified that the Lawrences attributed the check to an inheritance and that they made no mention of any lawsuit. This testimony was relevant to appellant's state of mind, particularly whether he had knowledge of the crime. Moreover, the testimony was not prejudicial. The District Court did not err in admitting the evidence.
 
 
 7
 Appellant finally claims that the District Court erred in its instructions to the jury. He argues that the District Court should have instructed the jury regarding the relevance of his claimed ignorance. Under Rule 30 of the Federal Rules of Criminal Procedure, a party must object to the charge or omissions from the charge before the jury deliberates in order to preserve an alleged error for review. FED.R.CRIM.P. 30. Appellant did not object to the jury instructions. Where the party does not raise the objection, the party must demonstrate on appeal that there was plain error. The District Court did not commit plain error in instructing the jury as it did. The Court instructed the jury regarding specific intent and what proof was necessary to prove intent. The jury was also instructed that the act must have been done knowingly and that a person is not a conspirator if that person has no knowledge of the conspiracy.
 
 
 8
 We affirm the judgment of the District Court.